```
                IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**WILLIAM HAMILTON,**
*individually and as the*
*personal representative*
*of the estate of Linda Hamilton*,

    Plaintiffs,

v.                                              CIVIL ACTION NO. 1:20CV86
                                                         (Judge Keeley)

**COLUMBIA GAS TRANSMISSION, LLC.,**
**TRANSCANADA USA SERVICES, INC.,**
**TC ENERGY,**
**ANTHONY CAPP,**
**JOHN SHRADER,**
**DOES 1 AND 2,**
**MAINE DRILLING AND BLASTING, INC.**
**DOES 3 AND 4,**
**ASSOCIATED PIPELINE CONTRACTORS,**
**DOES 5 AND 6,**

    Defendants.

**MEMORANDUM OPINION AND ORDER GRANTING**
**THE DEFENDANTS' MOTION TO DISMISS COUNT XII**
**OF THE AMENDED COMPLAINT [DKT. NOS. 33, 35, 37]**

On May 5, 2020, the plaintiffs, William and Linda Hamilton ("the Hamiltons"), sued the defendants, Columbia Gas Transmission, LLC, TransCanada USA Services, Inc., TC Energy Corporation, Anthony Capp,[1] John Shrader, Maine Drilling and Blasting, Inc. ("Maine Drilling"), and Associated Pipeline Contractors ("APC")

---

[1] The defendants Columbia, TransCanada USA Services, Inc., TC Energy Corporation, and Anthony Capp are referred to collectively herein as "the Columbia Defendants."

**HAMILTON V. COLUMBIA GAS ET AL.**                               **1:20CV86**

**MEMORANDUM OPINION AND ORDER GRANTING
THE DEFENDANTS' MOTION TO DISMISS COUNT XII
OF THE AMENDED COMPLAINT [DKT. NOS. 33, 35, 37]**

(collectively, "the Defendants"),[2] alleging that the Defendants damaged their house and property while constructing an oil and gas pipeline on their land.[3] Pending before the Court are the partial motions to dismiss the amended complaint of the Columbia Defendants, Maine Drilling, and APC (Dkt. Nos. 33, 35, 37).

## I. BACKGROUND

According to the amended complaint, the Hamiltons entered into an Easement and Right of Way Agreement ("Agreement") with the Defendants to construct, install, and maintain an oil and gas pipeline across their property located in Doddridge County, West Virginia (Dkt. No. 31 at ¶ 21). The Columbia Defendants contracted with Maine Drilling to prepare the Hamiltons' land for the pipeline, and with APC to construct and install the pipeline. Id. at ¶¶ 25, 27.

Allegedly, for several months beginning in May 2018 one or more of the Defendants conducted blasting operations in close

---

[2] The facts are taken from the Amended Complaint and are construed in the light most favorable to the Hamiltons. See De'Lonta v. Johnson, 708 F.3d 520, 524 (4th Cir. 2013).
[3] The Hamiltons also named several unknown persons, identified as Does 1 through 6, as defendants in the Amended Complaint.

2

**HAMILTON V. COLUMBIA GAS ET AL.**                              **1:20CV86**

**MEMORANDUM OPINION AND ORDER GRANTING**
**THE DEFENDANTS' MOTION TO DISMISS COUNT XII**
**OF THE AMENDED COMPLAINT [DKT. NOS. 33, 35, 37]**

proximity to the Hamiltons' house.[4] Id. at ¶ 29. The Hamiltons assert that they had not anticipated such blasting would occur on their property. Id. at ¶ 23. In June 2018, they observed cracks in their walls and foundation, separation between their cabinets and walls, and sinkholes in their yard. Id. at ¶ 30. They further assert that their water supply decreased and developed a foul odor, leaving them without water for several months. Id. at ¶¶ 32, 34. Due to the Defendants' operations, the Hamiltons contend they had to relocate to Florida. Id. at ¶ 37.

Based on these facts, on May 5, 2020, the Hamiltons filed their complaint, asserting twelve (12) causes of action related to the permanent damage to their land, water well, and septic system (Dkt. No. 1).[5] Linda Hamilton ("Mrs. Hamilton") passed away on September 1, 2020, following which William Hamilton ("Mr. Hamilton") moved to substitute himself as personal representative

---

[4] Blasting operations are the "violent disruption of a natural mass of land through the use of explosives." Nat'l Quarry Services, Inc. v. First Mercury Ins. Co., Inc., 372 F. Supp 3d 296, 300 (M.D.N.C. 2019).

[5] The Hamiltons assert negligence, strict liability, trespass, private nuisance, fraud, vicarious liability, res ipsa loquitor, negligent hiring, training, and supervision, intentional infliction of emotional distress, negligent infliction of emotional distress, damages, and punitive damages.

3

**HAMILTON V. COLUMBIA GAS ET AL.**                                     **1:20CV86**

**MEMORANDUM OPINION AND ORDER GRANTING
THE DEFENDANTS' MOTION TO DISMISS COUNT XII
OF THE AMENDED COMPLAINT [DKT. NOS. 33, 35, 37]**

of her estate (Dkt. No. 24). He then amended his Complaint on February 3, 2021, to add a wrongful death claim, attributing his wife's death to the Defendant's negligence (Dkt. No. 31 ¶¶ 37, 102-05). Pursuant to Federal Rule of Civil Procedure 12(b)(6), the Columbia Defendants, Maine Drilling, and APC have moved to dismiss this claim (Dkt. Nos. 33, 35, 37), and for the reasons that follow, the Court **GRANTS** their motions.

## II. LEGAL STANDARD

A defendant may move to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) on the ground that it does not "state a claim upon which relief may be granted." When reviewing the sufficiency of a complaint, the district court "must accept as true all of the factual allegations contained in the complaint." Anderson v. Sara Lee Corp., 508 F.3d 181, 188 (4th Cir. 2007) (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007)). "While a complaint . . . does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp v. Twombly, 550 U.S. 544,

**HAMILTON V. COLUMBIA GAS ET AL.**                                    1:20CV86

**MEMORANDUM OPINION AND ORDER GRANTING
THE DEFENDANTS' MOTION TO DISMISS COUNT XII
OF THE AMENDED COMPLAINT [DKT. NOS. 33, 35, 37]**

555 (2007) (internal citation omitted). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

To be sufficient, "a complaint must contain 'enough facts to state a claim to relief that is plausible on its face.'" Anderson, 508 F.3d at 188 n.7 (quoting Twombly, 550 U.S. at 547). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

### III. DISCUSSION

To maintain a wrongful death claim under West Virginia's wrongful death statute, W. Va. Code § 55-7-5, Mr. Hamilton must show that the Defendants' negligence caused Mrs. Hamilton's death. See Figiniak v. Fraternal Order of Owl's Home Nest, 2017 WL 2637397, at *4 (N.D. W. Va. June 19, 2017) (citing Bradshaw v. Soulsby, 558 S.E.2d 681, 687 (W. Va. 2001)). To prove negligence, he must show that (1) the Defendants owed Mrs. Hamilton a duty; (2) they negligently breached that duty; (3) their breach injured Mrs. Hamilton; and (4) their breach proximately caused her death.

**HAMILTON V. COLUMBIA GAS ET AL.** 1:20CV86

**MEMORANDUM OPINION AND ORDER GRANTING
THE DEFENDANTS' MOTION TO DISMISS COUNT XII
OF THE AMENDED COMPLAINT [DKT. NOS. 33, 35, 37]**

See id. (citing Wheeling Park Comm'n v. Dattoli, 7897 S.E.2d 546, 551 (W. Va. 2016)).

As support for his wrongful death cause of action, Mr. Hamilton alleges the following:

> 37. As a direct and proximate consequence of the actions of all of the Defendants, Plaintiff and Mrs. Hamilton suffered injuries, wrongful death and damages described further herein.
>
> . . .
>
> **COUNT XII**
> **Wrongful Death**
>
> 102. Plaintiff and Mrs. Hamilton adopt and incorporate paragraphs 1 through 101 as if fully set out herein.
>
> 103. The acts and omissions of Defendants, any and/or all of them, resulted in the wrongful death of Mrs. Hamilton on September 1, 2020.
>
> 104. Plaintiff William M. Hamilton was duly appointed as the Administrator of the estate in Volusia County, Florida, and brings this suit as Administrator of the Estate of Linda Rae Hamilton.
>
> 105. As a direct and proximate result of all of the aforesaid actions and omissions by Defendants, any and/or all of them, Plaintiff suffered (A) sorrow, mental anguish, solace, society, companionship, comfort, guidance, kindly offices and advice of the decedent; (B) compensation for reasonably expected loss of (i) income of the decedent, and (ii) services, protection, care and assistance provided by the decedent; (C) expenses for the care, treatment and hospitalization of the decedent

6

Case 1:20-cv-00086-IMK Document 50 Filed 07/21/21 Page 7 of 8 PageID #: 526

HAMILTON V. COLUMBIA GAS ET AL.                              1:20CV86

**MEMORANDUM OPINION AND ORDER GRANTING
THE DEFENDANTS' MOTION TO DISMISS COUNT XII
OF THE AMENDED COMPLAINT [DKT. NOS. 33, 35, 37]**

incident to the injury resulting in death; and (D) reasonable funeral expenses.

See Dkt. No. 31 ¶¶ 37, 102-05.

As the moving Defendants point out, Mr. Hamilton has failed to allege any factual support for his wrongful death claim but rather pleads only legal conclusions, which the Court is not bound to accept as true. He makes no factual allegations regarding the cause of Mrs. Hamilton's death, what, if any, injuries she may have suffered as a result of the Defendants' actions, or how the Defendants' actions directly or proximately caused her death.

The Court cannot reasonably infer from such threadbare allegations that the Defendants' pipeline construction operations on the Hamiltons' property injured Mrs. Hamilton or proximately caused her death. Therefore, because Mr. Hamilton has failed to plausibly state a claim for wrongful death in his amended complaint, the Court **GRANTS** the Defendants' motion to dismiss (Dkt. Nos. 33, 35, 37) and **DISMISSES without PREJUDICE** Count XII of Mr. Hamilton's Amended Complaint as it relates to the Columbia Defendants, Maine Drilling, and APC.

It is so **ORDERED.**

**HAMILTON V. COLUMBIA GAS ET AL.** 1:20CV86

**MEMORANDUM OPINION AND ORDER GRANTING
THE DEFENDANTS' MOTION TO DISMISS COUNT XII
OF THE AMENDED COMPLAINT [DKT. NOS. 33, 35, 37]**

The Clerk **SHALL** transmit copies of this Memorandum Opinion and Order to counsel of record by electronic means.

DATED: July 21, 2021

>/s/ Irene M. Keeley
>IRENE M. KEELEY
>UNITED STATES DISTRICT JUDGE