IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

WILLIAM HAMILTON, *individually and*
*as the personal representative*
*of the estate of Linda Hamilton*,

        Plaintiff,

v.                       //      CIVIL ACTION NO. 1:20CV86
                                      (Judge Keeley)

COLUMBIA TRANSMISSION, LLC,
TRANSCANADA USA SERVICES, LLC,
TC ENERGY, ANTHONY CAPP, JOHN SHRADER,
DOES 1, 2, 3, 4, 5, AND 6,
MAINE DRILLING AND BLASTING, INC., and
ASSOCIATED PIPELINE CONTRACTORS,

        Defendants.

//

COLUMBIA TRANSMISSION, LLC,
TRANSCANADA USA SERVICES, LLC,
TC ENERGY, ANTHONY CAPP, and JOHN SHRADER,

        Crossclaimants,

v.

ASSOCIATED PIPELINE CONTRACTORS,

        Cross Defendant.

//

ASSOCIATED PIPELINE CONTRACTORS,

        Crossclaimant,

v.

MAINE DRILLING AND BLASTING, INC.

        Cross Defendant.

**MEMORANDUM OPINION AND ORDER GRANTING IN PART
AND DENYING IN PART THE DEFENDANTS' MOTION TO STRIKE
THE PLAINTIFF'S SUPPLEMENTAL EXPERT REPORT [DKT. NO. 106]**

      Pending is the Defendants' joint motion to strike the supplemental report of the plaintiff's expert witness, Kenneth Eltschlager ("Eltschlager") (Dkt. No. 106). For the reasons that

**HAMILTON V. COLUMBIA TRANSMISSION, LLC**                    **1:20CV86**

**MEMORANDUM OPINION AND ORDER GRANTING IN PART
AND DENYING IN PART THE DEFENDANTS' MOTION TO STRIKE
THE PLAINTIFF'S SUPPLEMENTAL EXPERT REPORT [DKT. NO. 106]**

follow, the Court **GRANTS IN PART** and **DENIES IN PART** the motion (Dkt.
No. 65).

## I.   BACKGROUND

### A.   Factual History

On June 25, 2016, Linda and William Hamilton executed an
Easement and Right of Way Agreement ("Agreement") allowing Columbia
Transmission, LLC, or its affiliates TransCanada USA Services, LLC
and TC Energy, (collectively, "Columbia") to construct, install, and
maintain an oil and gas pipeline across their property located in
Doddridge County, West Virginia (Dkt. No. 67-1). Columbia planned
to build a natural gas pipeline, to be known as the XPress pipeline,
through West Virginia from Marshall County to Cabell County (Dkt.
No. 27 at 18). "Spread 3" of this pipeline would run across the
Hamiltons' property. Id. On November 14, 2017, Columbia contracted
Associated Pipeline Contractors ("APC") to construct the Spread 3
pipeline (Dkt. No. 65 at 2). APC, in turn, subcontracted a portion
of the project to Maine Drilling and Blasting, Inc. ("Maine
Drilling"). Id.

The Hamiltons allege that for several months beginning in May
2018 one or more of the Defendants conducted blasting operations near

2

HAMILTON V. COLUMBIA TRANSMISSION, LLC                    1:20CV86

**MEMORANDUM OPINION AND ORDER GRANTING IN PART
AND DENYING IN PART THE DEFENDANTS' MOTION TO STRIKE
THE PLAINTIFF'S SUPPLEMENTAL EXPERT REPORT [DKT. NO. 106]**

their home and that they had not anticipated, nor had they been given notice, that such blasting would occur (Dkt. No. 31 at 5-6). According to the Hamiltons, the Defendants' blasting operations caused damage to their home, including unlevel counters, warped floors, cracks in their walls and foundation, separation between their cabinets and walls, roof leakage, and sinkholes in their yard (Dkt. No. 31 at 6; 78-1 at 2). Additionally, they contend that the water supply from their well decreased and developed a foul odor, leaving them without water for several months, and that blasting left piles of rubble, boulders, rock along the right of way (Dkt. No. 78-1 at 3). Lastly, the Hamiltons assert that due to the Defendants' blasting operations and the resulting harm to their home, they were forced to relocate to Florida (Dkt. No. 78 at 4-5). The Defendants deny that their blasting operations caused any damage to the Hamiltons' home.

**B.   Procedural History**

On May 5, 2020, the Hamiltons filed this lawsuit, asserting twelve (12) causes of action related to the alleged permanent damage to their land, water well, and septic system (Dkt. No. 1).[1] After

---

[1] The Hamiltons assert negligence, strict liability, trespass, private nuisance, fraud, vicarious liability, res ipsa loquitor, negligent hiring, training, and supervision, intentional infliction of emotional distress, negligent infliction of emotional distress, damages, and punitive damages (Dkt. No. 31).

HAMILTON V. COLUMBIA TRANSMISSION, LLC                    1:20CV86

### MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART THE DEFENDANTS' MOTION TO STRIKE THE PLAINTIFF'S SUPPLEMENTAL EXPERT REPORT [DKT. NO. 106]

Linda Hamilton ("Mrs. Hamilton") passed away on September 1, 2020, William Hamilton ("Hamilton") moved to substitute himself as personal representative of her estate (Dkt. No. 24) and amended his complaint to add a wrongful death claim, attributing his wife's death to the Defendants' negligence (Dkt. No. 31 at 17-18). Pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court granted the Defendants' motion to dismiss Hamilton's wrongful death claim (Dkt. No. 50).

Columbia filed crossclaims against APC alleging that APC had breached its duty to defend and indemnify Columbia against Mr. Hamilton's claims under an indemnification clause in their contract (Dkt. No. 34). APC also filed crossclaims against Maine Drilling on the same basis (Dkt. No. 36). The Court entered a Scheduling Order on October 30, 2020 (Dkt. No. 22).

Pursuant to that Order, on July 12, 2021, Hamilton disclosed Kenneth Eltschlager as an explosion and blasting expert to opine on the damage caused to the Hamiltons' property by the Defendants' blasting operations (Dkt. Nos. 48; 56 at 5). On August 27, 2021, Maine Drilling and APC moved to exclude Eltschlager's testimony as unreliable and irrelevant (Dkt. No. 56). Hamilton did not respond

HAMILTON V. COLUMBIA TRANSMISSION, LLC                    1:20CV86

### MEMORANDUM OPINION AND ORDER GRANTING IN PART
### AND DENYING IN PART THE DEFENDANTS' MOTION TO STRIKE
### THE PLAINTIFF'S SUPPLEMENTAL EXPERT REPORT [DKT. NO. 106]

and instead moved the Court to schedule a status conference to resolve issues "regarding discovery, timing and disclosures" (Dkt. No. 57). Then, after discovery closed on September 27, 2021, Hamilton moved to extend certain deadlines in this case, including those for the parties' dispositive motions and mediation (Dkt. No. 59). He asserted that after reviewing the Daubert motion he had determined that additional discovery was necessary to support his claims (Dkt. No. 58). After hearing argument on October 14, 2021, the Court denied Hamilton's motion to extend the deadlines in this case, but granted his oral motion to respond to the Daubert motion out of time (Dkt. No. 61). Hamilton submitted his response in opposition the next day (Dkt. Nos. 61, 62).

On October 20, 2021, Hamilton moved to continue the trial in this case, contending that "numerous and significant delays in obtaining the information from Defendants frustrated the development of the case and prevented the Plaintiffs from completing discovery within this Court's Scheduling Order" (Dkt. No. 63). During argument on this motion on November 16, 2021, Hamilton asserted, for the first time, that the blasting logs produced by Maine Drilling in discovery were incomplete and did not reflect of all its blasting activities

HAMILTON V. COLUMBIA TRANSMISSION, LLC                    1:20CV86

**MEMORANDUM OPINION AND ORDER GRANTING IN PART
AND DENYING IN PART THE DEFENDANTS' MOTION TO STRIKE
THE PLAINTIFF'S SUPPLEMENTAL EXPERT REPORT [DKT. NO. 106]**

near his property. He also disclosed for the first time the existence of a calendar documenting dates when additional blasting allegedly had occurred.[2] Prior to this date, Hamilton had never informed the Defendants that he believed their discovery responses were incomplete or that this calendar existed. The Court took Hamilton's motion under advisement and directed him to outline the additional discovery regarding blasting that he needed (Dkt. No. 73). Thereafter, Hamilton produced the calendar to the Defendants and Maine Drilling and APC then moved to exclude it because Hamilton had not timely disclosed it during discovery (Dkt. No. 77).

Hamilton filed his summary of the additional discovery that he deemed necessary on November 19, 2021 and supplemented his requests on November 21, 2021 (Dkt. Nos. 75, 80). He sought leave to reopen discovery to depose various employees of the Defendants as well as Carl and Jodi Dodson and to conduct written discovery related to the additional blasting logs that the Defendants had not previously produced, seismograph readings, and project reports from Spread 3 (Dkt. No. 75 at 3-4). According to Hamilton, the focus of the litigation had become locating the blasting records he believed to

---

[2] This record had been kept by Carl and Jodi Dodson, Hamilton's in-laws and the plaintiffs in a companion case pending before the Circuit Court of

HAMILTON V. COLUMBIA TRANSMISSION, LLC                    1:20CV86

**MEMORANDUM OPINION AND ORDER GRANTING IN PART
AND DENYING IN PART THE DEFENDANTS' MOTION TO STRIKE
THE PLAINTIFF'S SUPPLEMENTAL EXPERT REPORT [DKT. NO. 106]**

be missing and determining their effect on "Eltschlager's opinions as to causation." Id. at 1. He also requested leave to engage a damages expert to conduct an appraisal of Hamilton's property and to engage a structural engineer to investigate the non-traditional structure of Hamilton's home and to respond to the Defendants' contention that Hamilton's abandonment of the property had caused its degradation (Dkt. No. 80). On December 9, 2021, Hamilton again supplemented his summary to the Court informing it that, following his production of the calendar, the Defendants had located records of twenty-three (23) additional blasts that had occurred within 0.5 miles of Hamilton's home between May 24, 2018 and October 9, 2018 (Dkt. No. 85).

At a hearing held on January 7, 2022, the Court denied Maine Drilling and APC's motion to exclude Hamilton's calendar because, although Hamilton had not timely disclosed that record, it eventually led to the discovery of additional relevant blasting records (Dkt. No. 88). The Court also denied Hamilton's motion to continue trial and rejected his requests for any discovery that he should have completed during the discovery phase of the case (Dkt. No. 102 at 32-34).

---

Doddridge County, West Virginia.

HAMILTON V. COLUMBIA TRANSMISSION, LLC                    1:20CV86

### MEMORANDUM OPINION AND ORDER GRANTING IN PART
### AND DENYING IN PART THE DEFENDANTS' MOTION TO STRIKE
### THE PLAINTIFF'S SUPPLEMENTAL EXPERT REPORT [DKT. NO. 106]

Solely because of the newly discovered blasting logs of the defendants, the Court granted Hamilton's counsel's request for additional discovery, but only "for the limited purpose of developing the record related to [those] blasting logs" (Dkt. No. 88). The Court prohibited Hamilton from engaging new expert witnesses during the limited discovery period, but did permit his current expert, Eltschlager, to amend or supplement his expert reports based on the discovery of the additional blasting records. Id.

After Eltschlager supplemented his report on February 22, 2022, the Defendants jointly moved to strike it as being beyond the scope of the Court's Order (Dkt. No. 106). They contend that his supplemental report (1) contains only a handful of references to the blasting logs produced after the close of discovery ,(2) contains updated conclusions that do not relate to the additional blasting logs, (3) contains new information that should have been included in his initial report, and (4) constitutes an attempt by Eltschlager "to remedy the problems in his initial report" identified by Maine Drilling and APC in their earlier Daubert motion and motions for summary judgment. Id. at 4-10. Hamilton contends that Eltschlager's

HAMILTON V. COLUMBIA TRANSMISSION, LLC                    1:20CV86

MEMORANDUM OPINION AND ORDER GRANTING IN PART
AND DENYING IN PART THE DEFENDANTS' MOTION TO STRIKE
THE PLAINTIFF'S SUPPLEMENTAL EXPERT REPORT [DKT. NO. 106]

supplemental report complies with the Court's Order defining the

scope and time frame of the limited discovery period (Dkt. No. 124).

## II.    RELEVANT LAW

Under the Federal Rules of Civil Procedure, unless limited by

a court order, parties may obtain discovery regarding any

nonprivileged matter that is relevant to any party's claim or defense

and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1).

But "[d]istrict courts enjoy nearly unfettered discretion to control

the timing and scope of discovery and impose sanctions for failures

to comply with its discovery orders." Mutual Federal Sav. & Loan

Ass'n v. Richards & Associates, Inc., 872 F.2d 88, 92 (4th Cir. 1989).

And Rule 37(b) allows courts to sanction a party who disobeys its

discovery order. Such sanctions include striking a pleading in whole

or in part. Fed. R. Civ. Pro. 37(b)(2)(A)(iii); compare, United

States ex rel. Brown v. Celgene Corp., 2016 WL 6562065, at *8 (C.D.

Cal. Aug. 23, 2016) (granting motion to strike in part because

supplemental expert opinions exceeded the scope of the court's

Order); with, Midwest Feeders, Inc. v. Bank of Franklin, 2016 WL

6088338, at *1 (S.D. Miss. Oct. 18, 2016) (denying motion to strike

HAMILTON V. COLUMBIA TRANSMISSION, LLC                    1:20CV86

MEMORANDUM OPINION AND ORDER GRANTING IN PART
AND DENYING IN PART THE DEFENDANTS' MOTION TO STRIKE
THE PLAINTIFF'S SUPPLEMENTAL EXPERT REPORT [DKT. NO. 106]

because supplemental expert opinions fell within the scope of the court's Order).

### III.    DISCUSSION

The parties' dispute arises out of their competing interpretations of the Court's Order permitting limited additional discovery. The Defendants assert that the Court permitted Hamilton to "supplement [Eltschlager's] expert report only as it related to blasting that occurred near [Hamilton's] property on or after June 5, 2018" (Dkt. No. 106 at 2). Hamilton conversely contends that the Court "did not limit [Eltschlager's] supplemental opinion to blasts after June 5, 2018, just limited discovery to after June 5, 2018 to develop the record on the late-disclosed blasting logs. Thereafter, Mr. Eltschlager was free to amend to supplement his report 'as necessary,' based upon the totality of all blasts recorded between May 23, 2018, and October 19, 2018." (Dkt. No. 124 at 3) (emphasis in original). The record in this case clearly establishes that the Defendants are correct.

When Hamilton's attorney outlined his additional discovery requests to the Court, he stated that the focus of the litigation had become locating additional blasting records and determining

10

HAMILTON V. COLUMBIA TRANSMISSION, LLC                    1:20CV86

MEMORANDUM OPINION AND ORDER GRANTING IN PART
AND DENYING IN PART THE DEFENDANTS' MOTION TO STRIKE
THE PLAINTIFF'S SUPPLEMENTAL EXPERT REPORT [DKT. NO. 106]

their effect on "Eltschlager's opinions as to causation" (Dkt. No.

75 at 1). Based on those representations and the late production of

additional blasting logs by the Defendants, the Court reopened

discovery for a very limited purpose, the scope of which it detailed

on the record at the January 7, 2022 hearing:

> THE COURT: I am going to deny the motion to continue the
> trial, but embedded in that is a request to -- I believe
> a request to reopen discovery to permit examination of
> the blasting logs, the additional blasting logs that have been
> produced by the defendant Main Drilling and Blasting, and
> also to reopen discovery on the preparation of the calendar
> by the Dodsons and what was known about these additional
> blasting dates.
>
> I am going to allow, between now and the dates for the
> submission of the final pretrial order, **discovery to be
> reopened to do whatever written or deposition discovery
> you wish to do on that limited issue of the calendaring
> and the blasting logs,** but I am not going to allow any
> additional discovery with regard to the hiring by the
> plaintiffs and disclosure of new experts in the area of
> an appraisal or structural engineering.
>
> Let me be clear. **The current plaintiff's expert may amend
> . . . his expert report vis-à-vis the information that has
> now been provided regarding the 22 additional blasts that
> apparently occurred within a half mile of the Hamilton
> property.** I'm not allowing the hiring and disclosure of
> an appraisal and a reopening of discovery wholesale on that
> expert, because an appraisal was always an issue in this
> case, and what's been made clear by Mr. Leach is that the
> decision not to retain an appraiser at the time that he
> was undertaking his expert discovery was basically not so
> much strategic as financial. . .

HAMILTON V. COLUMBIA TRANSMISSION, LLC                    1:20CV86

MEMORANDUM OPINION AND ORDER GRANTING IN PART
AND DENYING IN PART THE DEFENDANTS' MOTION TO STRIKE
THE PLAINTIFF'S SUPPLEMENTAL EXPERT REPORT [DKT. NO. 106]

[T]he parties may conduct additional discovery with regard
to those issues, no new expert witnesses, but the
plaintiffs' expert may amend his report as appropriate.

(Dkt. No. 102 at 33-34) (emphasis added).

After Hamilton requested further clarification, the Court
explicitly stated that Eltschlager's supplemental report must be
"limited to the impact of the blasting information that has been
disclosed since November 17th" and could "absolutely not" consider
any information unrelated to these blasting logs. Id. at 41. The Court
also warned Hamilton's attorney that trying to stretch its ruling
further would subject him to sanctions.

Clearly, this Court did not authorize a wholesale reopening of
Eltschlager's expert report as counsel so disingenuously contends.
Instead, it permitted Eltschlager to supplement his report only to
consider additional blasting information that had become available
after the close of discovery, and to discuss its impact on his
opinions related to causation.

Based on this, the Court **DENIES** the Defendants' motion to strike
Eltschlager's amended causation opinions based on all the blasting
that occurred near Hamilton's property but **GRANTS** their motion to
strike the remainder of Eltschlager's supplemental opinions that

12

**HAMILTON V. COLUMBIA TRANSMISSION, LLC**                    **1:20CV86**

**MEMORANDUM OPINION AND ORDER GRANTING IN PART
AND DENYING IN PART THE DEFENDANTS' MOTION TO STRIKE
THE PLAINTIFF'S SUPPLEMENTAL EXPERT REPORT [DKT. NO. 106]**

violate its directives on the limits of additional discovery. For example, the Court made clear on the record at the January 7, 2022 hearing that Hamilton would not be permitted to revisit any discovery that should have been completed during the discovery period documented in this Court's Scheduling Order. Eltschlager's supplemental report is replete with additional details that would have been available to him but that he chose not to include in his initial report. These include additional information related to his observations of Hamilton's property and the damage it allegedly sustained. All blasting near Hamilton's home occurred in 2018; thus, by the time Eltschlager wrote his initial report in 2021 any damage to the property would have been obvious. Not obvious, however, was whether this damage was caused by the Defendants' blasting given that Eltschlager had only been able to review a portion of the Defendants' relevant blasting records. This, and only this, was the problem the Court's limited discovery Order sought to rectify. Therefore, there is no reasonable basis for Eltschlager to have failed to include in his initial report his full opinions regarding the alleged damage he observed to Hamilton's property.

13

HAMILTON V. COLUMBIA TRANSMISSION, LLC                          1:20CV86

MEMORANDUM OPINION AND ORDER GRANTING IN PART
AND DENYING IN PART THE DEFENDANTS' MOTION TO STRIKE
THE PLAINTIFF'S SUPPLEMENTAL EXPERT REPORT [DKT. NO. 106]

Further, despite the Court's denial of Hamilton's request to engage new expert witnesses to address issues of structural engineering and damages sustained to the Hamilton property, his counsel has attempted to stretch Eltschlager's testimony to reach these areas: Eltschlager has supplemented his discussion related to the foundational structure Hamilton's home and its competency before and after the Defendants' blasting, and to add his opinions about how a modular home, such as Hamilton's, would react to nearby blasting. He also discusses, for the first time, whether Hamilton's abandonment of the property contributed to the alleged damage, and includes a February 2018 real estate appraisal of a neighboring property. Hamilton's attempt to include these topics in Eltschlager's supplemental report is a flagrant violation of its Order.

## IV.  CONCLUSION

For the reasons discussed, the Court **GRANTS IN PART** and **DENIES IN PART** the Defendants' motion to strike the supplemental expert report of Kenneth Eltschlager (Dkt. No. 106) and **STRIKES** those portions of Eltschlager's report that do not comply with the Court's rulings herein.

14

**HAMILTON V. COLUMBIA TRANSMISSION, LLC**                    **1:20CV86**

**MEMORANDUM OPINION AND ORDER GRANTING IN PART
AND DENYING IN PART THE DEFENDANTS' MOTION TO STRIKE
THE PLAINTIFF'S SUPPLEMENTAL EXPERT REPORT [DKT. NO. 106]**

It is so **ORDERED.**

The Clerk **SHALL** transmit copies of this Memorandum Opinion and

Order to counsel of record.

DATED: March 16, 2022

                              /s/ Irene M. Keeley
                              IRENE M. KEELEY
                              UNITED STATES DISTRICT JUDGE