```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**WILLIAM HAMILTON**, *individually and*
*as the personal representative*
*of the estate of Linda Hamilton*,

      Plaintiff,

v.                                   //       CIVIL ACTION NO. 1:20CV86
                                                           (Judge Keeley)

**COLUMBIA TRANSMISSION, LLC,**
**TRANSCANADA USA SERVICES, LLC,**
**TC ENERGY, ANTHONY CAPP, JOHN SHRADER,**
**DOES 1, 2, 3, 4, 5, AND 6,**
**MAINE DRILLING AND BLASTING, INC., and**
**ASSOCIATED PIPELINE CONTRACTORS,**

      Defendants.

//

**COLUMBIA TRANSMISSION, LLC,**
**TRANSCANADA USA SERVICES, LLC,**
**TC ENERGY, ANTHONY CAPP, and JOHN SHRADER,**

      Crossclaimants,

v.

**ASSOCIATED PIPELINE CONTRACTORS,**

      Cross Defendant.

//

**ASSOCIATED PIPELINE CONTRACTORS,**

      Crossclaimant,

v.

**MAINE DRILLING AND BLASTING, INC.**

      Cross Defendant.

**MEMORANDUM OPINION AND ORDER GRANTING IN PART**
**AND DEFERRING RULING IN PART ON THE MOTIONS FOR**
**SUMMARY JUDGMENT OF ASSOCIATED PIPELINE CONTRACTORS AND**
**MAINE DRILLING AND BLASTING, INC. [DKT. NOS. 65, 66, 70]**

Pending are the motions for summary judgment of Associated Pipeline Contractors ("APC") and Maine Drilling and Blasting, Inc.

**HAMILTON V. COLUMBIA TRANSMISSION, LLC**                               **1:20CV86**

**MEMORANDUM OPINION AND ORDER GRANTING IN PART
AND DEFERRING RULING IN PART ON THE MOTIONS FOR
SUMMARY JUDGMENT OF ASSOCIATED PIPELINE CONTRACTORS AND
MAINE DRILLING AND BLASTING, INC. [DKT. NOS. 65, 66, 70]**

("Maine Drilling") (Dkt. Nos. 65, 66, 70). For the reasons that follow, the Court **GRANTS** their motions on the plaintiff's claims for <u>res ipsa loquitur</u> (Count VI), intentional infliction of emotional distress ("IIED") (Count IX), and negligent infliction of emotional distress ("NIED") (Count X), but **DEFERS** its ruling on the remainder of their motions.

## I. BACKGROUND

### A. Factual History

On June 25, 2016, Linda and William Hamilton executed an Easement and Right of Way Agreement ("Agreement") allowing Columbia Transmission, LLC, or its affiliates TransCanada USA Services, LLC and TC Energy, (collectively, "Columbia") to construct, install, and maintain an oil and gas pipeline across their property located in Doddridge County, West Virginia (Dkt. No. 67-1). Columbia planned to build a natural gas pipeline, to be known as the XPress pipeline, through West Virginia from Marshall County to Cabell County (Dkt. No. 27 at 18). "Spread 3" of this pipeline would run across the Hamiltons' property. <u>Id.</u> On November 14, 2017, Columbia contracted with Associated Pipeline Contractors ("APC") to construct the Spread 3 pipeline (Dkt. No. 65 at 2). APC, in turn, subcontracted a portion

**HAMILTON V. COLUMBIA TRANSMISSION, LLC**                         **1:20CV86**

**MEMORANDUM OPINION AND ORDER GRANTING IN PART
AND DEFERRING RULING IN PART ON THE MOTIONS FOR
SUMMARY JUDGMENT OF ASSOCIATED PIPELINE CONTRACTORS AND
MAINE DRILLING AND BLASTING, INC. [DKT. NOS. 65, 66, 70]**

of the project to Maine Drilling and Blasting, Inc. ("Maine Drilling"). Id.

The Hamiltons allege that for several months beginning in May 2018 one or more of the Defendants conducted blasting operations near their home and that they had not anticipated, nor had they been given notice, that such blasting would occur (Dkt. No. 31 at 5-6). According to the Hamiltons, the Defendants' blasting operations caused damage to their home, including unlevel counters, warped floors, cracks in their walls and foundation, separation between their cabinets and walls, roof leakage, and sinkholes in their yard (Dkt. No. 31 at 6; 78-1 at 2). Additionally, they contend that the water supply from their well decreased and developed a foul odor, leaving them without potable water for several months, and that blasting left piles of rubble, boulders, rock along the right of way (Dkt. No. 78-1 at 3). Lastly, the Hamiltons assert that, due to the Defendants' blasting operations and the resulting harm to their home, they were forced to relocate to Florida (Dkt. No. 78 at 4-5). The Defendants deny that their blasting operations caused any damage to the Hamiltons' home.

**B.   Procedural History**

On May 5, 2020, the Hamiltons filed this lawsuit, asserting twelve (12) causes of action related to the alleged permanent damage

**HAMILTON V. COLUMBIA TRANSMISSION, LLC**                              **1:20CV86**

**MEMORANDUM OPINION AND ORDER GRANTING IN PART
AND DEFERRING RULING IN PART ON THE MOTIONS FOR
SUMMARY JUDGMENT OF ASSOCIATED PIPELINE CONTRACTORS AND
MAINE DRILLING AND BLASTING, INC. [DKT. NOS. 65, 66, 70]**

to their land, water well, and septic system (Dkt. No. 1).[1] After Linda Hamilton ("Mrs. Hamilton") passed away on September 1, 2020, William Hamilton ("Hamilton") moved to substitute himself as personal representative of her estate (Dkt. No. 24) and amended his complaint to add a wrongful death claim, attributing his wife's death to the Defendant's negligence (Dkt. No. 31 at 17-18). Pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court granted the Defendants' motion to dismiss Hamilton's wrongful death claim (Dkt. No. 50).

Columbia filed crossclaims against APC alleging that APC had breached its duty to defend and indemnify Columbia against Hamilton's claims under an indemnification clause in their contract (Dkt. No. 34). APC also filed crossclaims against Maine Drilling on the same basis (Dkt. No. 36). The Court entered a Scheduling Order October 30, 2020 (Dkt. No. 22).

On October 29, 2021, Maine Drilling and APC each moved for summary judgment (Dkt. Nos. 65, 66, 70[2]). The same day, APC joined

---

[1] The Hamiltons assert negligence, strict liability, trespass, private nuisance, fraud, vicarious liability, res ipsa loquitor, negligent hiring, training, and supervision, intentional infliction of emotional distress, negligent infliction of emotional distress, damages, and punitive damages (Dkt. No. 31).

[2] Maine Drilling amended its motion on November 3, 2021 to correct an error in the title (Dkt. No. 70).

**HAMILTON V. COLUMBIA TRANSMISSION, LLC**                          **1:20CV86**

**MEMORANDUM OPINION AND ORDER GRANTING IN PART
AND DEFERRING RULING IN PART ON THE MOTIONS FOR
SUMMARY JUDGMENT OF ASSOCIATED PIPELINE CONTRACTORS AND
MAINE DRILLING AND BLASTING, INC. [DKT. NOS. 65, 66, 70]**

Maine Drilling's motion for summary judgment (Dkt. No. 68). After the Court reopened discovery for the limited purpose of developing the record related to blasting logs that had been produced following the close of discovery, the parties supplemented their summary judgment briefing (Dkt. Nos. 109, 111, 126, 127). These motions are now fully briefed and ripe for decision.

## II.     STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. Pro. 56(a). "A dispute is genuine if a reasonable jury could return a verdict for the nonmoving party," and "[a] fact is material if it might affect the outcome of the suit under the governing law." Jacobs v. N.C. Admin. Office of the Courts, 780 F.3d 562, 568 (4th Cir. 2015) (quoting 10A Charles A. Wright et al., Federal Prac. & Proc. § 2728 (3d ed. 1998)).

When ruling on a motion for summary judgment, the Court reviews all the evidence "in the light most favorable" to the nonmoving party. Providence Square Accocs., L.L.C. v. G.D.F., Inc., 211 F.3d 846, 850 (4th Cir. 2000). The Court must avoid weighing the evidence or determining its truth and limit its inquiry solely to a determination

of whether genuine issues of triable fact exist. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

The moving party bears the initial burden of informing the Court of the basis for the motion and of establishing the nonexistence of genuine issues of fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has made the necessary showing, the non-moving party "must set forth specific facts showing that there is a genuine issue for trial." Anderson, 477 U.S. at 256. The "mere existence of a scintilla of evidence" favoring the non-moving party will not prevent the entry of summary judgment; the evidence must be such that a rational trier of fact could reasonably find for the nonmoving party. Id. at 248–52.

### III.   DISCUSSION

Maine Drilling seeks summary judgment on Hamilton's claims of negligence, strict liability, trespass, private nuisance, res ipsa loquitor, intentional infliction of emotional distress ("IIED"), and negligent infliction of emotional distress ("NIED") (Dkt. Nos. 65, 70). APC has joined Maine Drilling's motion and also has moved separately for summary judgment on Hamilton's negligence, private nuisance, trespass, IIED, and NIED claims (Dkt. Nos. 68, 66).

6

**HAMILTON V. COLUMBIA TRANSMISSION, LLC**                              **1:20CV86**

**MEMORANDUM OPINION AND ORDER GRANTING IN PART
AND DEFERRING RULING IN PART ON THE MOTIONS FOR
SUMMARY JUDGMENT OF ASSOCIATED PIPELINE CONTRACTORS AND
MAINE DRILLING AND BLASTING, INC. [DKT. NOS. 65, 66, 70]**

**A.    Res Ipsa Loquitur (Count VI)**

Maine Drilling and APC ("the moving defendants") argue that they are entitled to summary judgment on Hamilton's claim of res ipsa loquitur because it is an evidentiary principle, not an independent cause of action (Dkt. No. 67 at 11). In response, Hamilton recognizes that res ipsa loquitur is an evidentiary rule but argues that, under this doctrine, the finder of fact may infer negligence on the part of the Defendants "given the damages noticed contemporaneously with the blasting..." (Dkt. No. 78 at 18).

"It is well established that the principle of res ipsa loquitur does not create a cause of action." Crum v. Equity Inns, Inc., 685 S.E.2d 219, 229 (W. Va. 2009). Rather, it is an exception to the rule that negligence cannot be presumed, and it arises when "mere occurrences of certain events in and of themselves suggest negligence, barring another plausible explanation." Kyle v. Dana Transport, Inc., 649 S.E.2d 287, 290 (W. Va. 2007). Under this doctrine, it may be inferred that harm suffered by the plaintiff is caused by negligence of the defendant when "(a) the event is of a kind which ordinarily does not occur in the absence of negligence; (b) other responsible causes, including the conduct of the plaintiff and third persons, are sufficiently eliminated by the evidence; and

7

**HAMILTON V. COLUMBIA TRANSMISSION, LLC**                                1:20CV86

**MEMORANDUM OPINION AND ORDER GRANTING IN PART
AND DEFERRING RULING IN PART ON THE MOTIONS FOR
SUMMARY JUDGMENT OF ASSOCIATED PIPELINE CONTRACTORS AND
MAINE DRILLING AND BLASTING, INC. [DKT. NOS. 65, 66, 70]**

(c) the indicated negligence is within the scope of the defendant's duty to the plaintiff." Syl. Pt. 4, Foster v. City of Keyser, 501 S.E.2d 165 (W. Va. 1997).

Because res ipsa loquitur is not an independent cause of action, the moving defendants are entitled to summary judgment on Hamilton's claim. The Court, however, reserves judgment as to whether Hamilton can rely on this theory of recovery in support of his negligence claim.

**B.   Intentional Infliction of Emotional Distress (Count IX)**

The moving defendants also argue that they are entitled to summary judgment on Hamilton's IIED claim. Hamilton, by contrast, asserts that the moving defendants did not request information related to his or his wife's emotional distress during discovery or seek to depose them on this topic (Dkt. No. 79 at 19). Nevertheless, he contends that through written discovery he has put forth sufficient facts to survive summary judgment. Id.

To prevail on his IIED claim under West Virginia law, Hamilton must show:

> (1) that the defendant's conduct was atrocious, intolerable, and so extreme and outrageous as to exceed the bounds of decency; (2) that the defendant acted with the intent to inflict emotional distress, or acted recklessly when it was certain or substantially certain

8

Case 1:20-cv-00086-IMK   Document 177   Filed 03/16/22   Page 9 of 14 PageID #: 2765

**HAMILTON V. COLUMBIA TRANSMISSION, LLC**                    **1:20CV86**

**MEMORANDUM OPINION AND ORDER GRANTING IN PART
AND DEFERRING RULING IN PART ON THE MOTIONS FOR
SUMMARY JUDGMENT OF ASSOCIATED PIPELINE CONTRACTORS AND
MAINE DRILLING AND BLASTING, INC. [DKT. NOS. 65, 66, 70]**

emotional distress would result from his conduct; (3) that the actions of the defendant caused the plaintiff to suffer emotional distress; and, (4) that the emotional distress suffered by the plaintiff was so severe that no reasonable person could be expected to endure it.

Syl. Pt. 3, Travis v. Alcon Labs., Inc., 504 S.E.2d 419, 425 (W. Va. 1998).

These elements raise a high bar to recovery. See Pegg v. Herrnberger, 845 F.3d 112, 122 (4th Cir. 2017) ("It is difficult to overstate the high burden of proof required to sustain a tort claim for intentional infliction of emotional distress/outrage."). The plaintiff must show that the defendant's actions towards him were so extreme and outrageous as to exceed the bounds of decency. Travis, 504 S.E.2d at 425. "The liability clearly does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities." Id. (citing Tanner v. Ride Aid of West Virginia, Inc., 461 S.E.2d 149, 156-57 (W. Va. 1995). "Whether conduct may reasonably be considered outrageous is a legal question, and whether conduct is in fact outrageous is a question for jury determination." Id. at 428.

In support of his IIED claim, Hamilton asserts that the defendants did not inform him or his wife that blasting would occur near their home. Nor did they give them advance notice of when

**HAMILTON V. COLUMBIA TRANSMISSION, LLC** 1:20CV86

**MEMORANDUM OPINION AND ORDER GRANTING IN PART
AND DEFERRING RULING IN PART ON THE MOTIONS FOR
SUMMARY JUDGMENT OF ASSOCIATED PIPELINE CONTRACTORS AND
MAINE DRILLING AND BLASTING, INC. [DKT. NOS. 65, 66, 70]**

blasting would occur, conduct a pre-blasting survey, or send an agent to inspect their home for damage until after blasting operations had ceased (Dkt. No. 79 at 21). And they did little to respond to their complaints alleging damage caused by blasting. Id.

Hamilton also contends that he and his wife would not have executed the Easement had they known blasting would occur, were without water for several months before the defendants provided them with potable water. At times they also had to stay in a nearby hotel. Id. Further, although an environmental engineer was scheduled to inspect their property for damage, he canceled that inspection and did not reschedule. Id. And "the worst insult and most heartbreaking distress was that Mrs. Hamilton, who was 72 years old at the time and whose family had owned the property for a century, had to move from her home. Mrs. Hamilton became very depressed and her health declined after she moved away from home and Mr. Hamilton watched his wife's decline." Id.

Even viewing these allegations in the light most favorable to Hamilton, his IIED claim does not meet the high legal threshold. The alleged conduct of the Defendants is not of the type that courts in West Virginia have found sufficient to support an IIED claim. See Pegg, 845 F.3d at 122 (collecting cases). Because the moving

**HAMILTON V. COLUMBIA TRANSMISSION, LLC**                    **1:20CV86**

**MEMORANDUM OPINION AND ORDER GRANTING IN PART
AND DEFERRING RULING IN PART ON THE MOTIONS FOR
SUMMARY JUDGMENT OF ASSOCIATED PIPELINE CONTRACTORS AND
MAINE DRILLING AND BLASTING, INC. [DKT. NOS. 65, 66, 70]**

defendants did not engage in conduct that was "atrocious, intolerable, and so extreme and outrageous as to exceed the bounds of decency" Travis, 504 S.E.2d at 425, they are entitled to summary judgment on Hamilton's IIED claim.

In his supplemental summary judgment briefing, Hamilton asserts that when the Court reopened discovery he was able to develop additional evidence of the emotional distress he and his wife suffered during his own deposition and the depositions of several other witnesses (Dkt. No. 127 at 12). But this argument misses the mark. In January 2022, the Court reopened discovery for the sole purpose of supplementing the record regarding blasting logs produced after the close of discovery (Dkt. No. 88). The Court did not permit Hamilton to conduct additional discovery related to the emotional distress he or his wife suffered in this case. Thus, any additional evidence developed during the reopening of discovery on damages related to emotional distress exceeds the limited scope of the additional discovery permitted and will not be admitted by the Court.

**C.   Negligent Infliction of Emotional Distress (Count V)**

Likewise, the moving defendants assert that they are entitled to summary judgment on Hamilton's NIED claim. Hamilton again asserts that he has put forth sufficient facts to survive summary judgment

11

**HAMILTON V. COLUMBIA TRANSMISSION, LLC**                              **1:20CV86**

**MEMORANDUM OPINION AND ORDER GRANTING IN PART
AND DEFERRING RULING IN PART ON THE MOTIONS FOR
SUMMARY JUDGMENT OF ASSOCIATED PIPELINE CONTRACTORS AND
MAINE DRILLING AND BLASTING, INC. [DKT. NOS. 65, 66, 70]**

(Dkt. No. 79 at 19). Under West Virginia law, "[a]n individual may recover for the negligent infliction of emotional distress absent accompanying physical injury upon a showing of facts sufficient to guarantee that the emotional damages claim is not spurious." Marlin v. Bill Rich Const., Inc., 482 S.E.2d 620, 637 (W. Va. 1996) (quoting Syl. pt. 2, Ricottilli v. Summersville Memorial Hospital, 425 S.E.2d 629 (W. Va. 1992)). But, claims for NIED have been recognized only in limited circumstances:

> (1) when the plaintiff witnessed a person closely related to him suffer critical injury or death as a result of the defendant's negligent conduct, Heldreth v. Marrs, 425 S.E.2d 157 (W. Va. 1992); (2) when the defendant negligently exposed the plaintiff to disease, causing emotional distress based on "fear of contracting a disease," Marlin v. Bill Rich Constr., Inc., 482 S.E.2d 620 (W. Va. 1996); and (3) for negligence in mishandling a corpse, Ricottilli v. Summersville Mem'l Hosp., 425 S.E.2d 629 (W. Va. 1992).

Frederick v. W. Virginia Dep't of Health & Hum. Servs., 2019 WL 1198027, at *16 (S.D.W. Va. Feb. 15, 2019).

Here, neither Hamilton nor his late wife suffered any physical injury from the Defendants' blasting, and this case does not implicate any of the limited circumstances in which an NIED claim has been recognized. While Hamilton has alleged that after leaving the property his late wife became depressed and her health declined,

**HAMILTON V. COLUMBIA TRANSMISSION, LLC**                    **1:20CV86**

**MEMORANDUM OPINION AND ORDER GRANTING IN PART
AND DEFERRING RULING IN PART ON THE MOTIONS FOR
SUMMARY JUDGMENT OF ASSOCIATED PIPELINE CONTRACTORS AND
MAINE DRILLING AND BLASTING, INC. [DKT. NOS. 65, 66, 70]**

the Court previously dismissed his wrongful death claim because he had asserted no plausible facts establishing that the Defendants' blasting proximately caused her death. Moreover, even though Hamilton witnessed his late wife's decline in health, this is not the type of injury that would allow him to recover damages for NIED under West Virginia law. This is especially true given that he cannot point to any "critical injury" that his late wife sustained and cannot establish that such injury would be linked to the Defendants' blasting which ended approximately two years before her death. Thus, even when viewed in the light most favorable to Hamilton, his claim does not survive summary judgment.

## IV. CONCLUSION

For the reasons discussed, the Court:

1. **GRANTS** the moving defendants' motions for summary judgment as to Hamilton's claims for res ipsa loquitur (Count VI), intentional infliction of emotional distress ("IIED") (Count IX), and negligent infliction of emotional distress ("NIED") (Count X) (Dkt. Nos. 65, 66, 70); and

2. **DEFERS** its ruling on the remainder of the moving defendants' motions.

It is so **ORDERED**.

**HAMILTON V. COLUMBIA TRANSMISSION, LLC**                              **1:20CV86**

**MEMORANDUM OPINION AND ORDER GRANTING IN PART
AND DEFERRING RULING IN PART ON THE MOTIONS FOR
SUMMARY JUDGMENT OF ASSOCIATED PIPELINE CONTRACTORS AND
MAINE DRILLING AND BLASTING, INC. [DKT. NOS. 65, 66, 70]**

The Clerk **SHALL** transmit copies of this Memorandum Opinion and Order to counsel of record.

DATED: March 16, 2022

                                          /s/ Irene M. Keeley
                                          IRENE M. KEELEY
                                          UNITED STATES DISTRICT JUDGE